UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEIBIER JUBIEL REYES,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-3120

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing. (*See* Pet., ECF No. 1, PageID.7.)

In an order entered on November 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and recordings of the

May 22, 2026, and July 6, 2026, bond hearings on November 6, 2026. (Resp., ECF No. 6; Recordings of May 22, 2026, and July 6, 2026, Bond Hearings, filed on Nov. 6, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Cuba who entered the United States in 2023.[1] *Jubiel Reyes v. Raycraft* (*Jubiel Reyes I*), No. 1:26-cv-1332 (W.D. Mich.), (Op., ECF No. 6, PageID.42). On December 30, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*)

On April 23, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Jubiel Reyes I*. *Id.*, (Pet., ECF No. 1.) The Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Jubiel Reyes I*, (W.D. Mich. May 19, 2026), (ECF Nos. 6, 7).

On May 22, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (May 22, 2026, Immigration Judge Order, ECF No. 6-1, PageID.216.) At the conclusion of the May 22, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner] is a danger to the community. [Petitioner] was convicted of DUI in 2025 involving an accident. [Petitioner's] criminal bond was revoked for committing a new crime." (*Id.*)

[1] Petitioner indicates that he filed an application with the United States Citizenship and Immigration Services (USCIS) to adjust his status to lawful permanent resident under the Cuban Adjustment Act, which Petitioner indicates remains pending with USCIS. (Pet., ECF No. 1, PageID.6; *see* USCIS Notice, ECF No. 1-2, PageID.45 (indicating that USCIS's notice of receipt "does not grant any immigration status or benefit").)

Thereafter, Petitioner filed an emergency motion for custody redetermination and release on bond, or in the alternative, request for individualized bond hearing following administrative closure pending USCIS adjudication of Form I-485. (*See* July 1, 2026, Immigration Judge Order, ECF No. 6-3, PageID.220.) On July 1, 2026, in a written order, the Immigration Judge denied the request, stating:

> [Petitioner's] bond was previously denied based upon a determination that he was a danger to the community. He was recently convicted of DUI. There has been no material change in circumstances with regards to his danger to the community. Even if a material change in circumstances existed, the court would still deny bond for the reasons stated on the record at the bond hearing.

(*Id.*)

On July 6, 2026, Petitioner received another bond hearing. (July 6, 2026, Immigration Judge Order, ECF No. 6-4, PageID.223.) At the conclusion of the July 6, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner] is an arriving alien. The court lacks jurisdiction to grant bond. Even if the court had the jurisdiction to grant bond there has been no material change in circumstances." (*Id.*) On July 30, 2026, the Detroit Immigration Court ordered that Petitioner be removed from the United States, and Petitioner's appeal to the Board of Immigration Appeals (BIA) remains pending. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "232873619" for the A-Number, select "Cuba" for the Nationality, and select Submit) (last visited Nov. 23, 2026).

On October 30, 2026, Petitioner filed the present § 2241 petition. (ECF No. 1.)

## III. Discussion

In Petitioner's present § 2241 petition, he challenges, *inter alia*, the legality of his initial detention and his prolonged detention without the possibility of bond. (Pet., ECF No. 1, PageID.2,

6.) Petitioner does not argue that the procedures of either the May 22, 2026, or July 6, 2026, bond hearing themselves violated the Due Process Clause of the Fifth Amendment.[2]

Petitioner's challenge to the legality of his detention was addressed in the Court's opinion in *Jubiel Reyes I*. *See* Op. & Jud., *Jubiel Reyes I*, (W.D. Mich. May 19, 2026), (ECF Nos. 6, 7).

To the extent that Petitioner challenges the factual determinations that were made at the May 22, 2026, or July 6, 2026, bond hearing, those are issues that are properly raised on appeal to BIA. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted) (discussing that if the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'"); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").[3]

---

[2] To the extent that Petitioner claims that the that the Immigration Judge did not apply the constitutionally required burden of proof at either of Petitioner's § 1226(a) bond hearings, based on the record before the Court at this time, including the recordings of the § 1226(a) bond hearings, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at either the May 22, 2026, or July 6, 2026, bond hearing.

[3] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 24, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge